## STATE COURT OF APPEALS—Continued

No. 154

SIEGAL v. PORTAGE YELLOW CAB CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1049. Decided Dec. 14, 1925

465. ERROR—It is error to direct a verdict against a litigant for not proving a fact without giving him an opportunity to do so.

400. DISCRETION—Of trial judges, practically always exercised in favor of a full development of facts in the case.

WASHBURN, J.

Edward Siegal brought suit against The Portage Yellow Cab Co. in the Summit Common Pleas to recover damages claimed to have been sustained by being run into by a taxicab of the Company while crossing a street at an intersection.

It appeared in the evidence that Siegal, as he left the curb, looked in one direction but did not look in the other. The Cab Co. moved to arrest the testimony from the jury on the ground that Siegal was negligent and acted in violation of 6310-35 GC. which states that pedestrians must look in both directions when crossing highways.

Siegal's counsel then made formal request that the case be reopened for further examination of Siegal with reference to looking to the north, before stepping out into the highway. The Cab Co. objected to this request and the objection was sustained, overruling Siegal's motion. A verdict was directed by the court in favor of the Company. Error was prosecuted by Siegal and the Court of Appeals held:

1. The Common Pleas Court abused its discretion and committed prejudicial error in overruling Siegal's motion to reopen the case and to introduce additional evidence as to whether the statute was violated or not.

2. If Siegal had been permitted to change his testimony it would have been a question for the jury to decide at which time Siegal told the truth.

3. According to 11 C. C. (n.s.) 424, 5 O. C. D. 293, and 8. O. C. D. 642, the trial judge has practically always exercised his discretion in favor of a full development of all the facts.

4. Few, if any, cases arise in which a court would be justified in closing a case until all the competent evidence, offered in good faith and reasonably necessary to the ends of justice, has been heard.

5. The trial court also abused its discretion in denying Siegal an opportunity to offer evidence to prove a fact and at the same time direct a verdict against him for not proving such fact. 18 C. C. (n.s.) 569.

Judgment reversed.

Attorneys—May & May for Siegal; Ormsby & Kennedy for Cab Co.; all of Akron.